**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**LINDA IBANEZ,**

                **Plaintiff,**

**-vs-**                                        **Case No. 6:10-cv-1219-Orl-28DAB**

**MARRIOTT OWNERSHIP RESORTS,
INC.,**

                **Defendant.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **JOINT MOTION TO ADD PARTIES AND FOR APPROVAL OF SETTLEMENT (Doc. No. 61)**
>
> **FILED:**      **February 13, 2012**
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

      In this Fair Labor Standards Act case, Plaintiff Linda Ibanez and Defendant Marriott Ownership Resorts, Inc. ("Marriott") jointly move the Court to add nine Opt-in Plaintiffs[1] as Party-Plaintiffs and approve the parties' settlement agreement. The matter has been referred by the District Judge to determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982). If a settlement is not one supervised by the Department of Labor, the only other

---

[1] Maria Gloria Haag, Nancy Jacobini, Stephanie Pitts, Patricia Colbertaldo, Brent Sanders, Doreen Vogt, Kurt Militano, Joshua Wright, and Silvia Faria.

route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed. 1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*

On August 10, 2011, Plaintiff Ibanez filed suit against Marriott alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., for unpaid overtime; Plaintiff also sought to represent a putative class of Linkage and In-House Marketing Executives who were allegedly similarly situated. Plaintiff claimed that, as a Team Leader and a Marketing Executive, she manned a concierge desk at one of the Defendant's resorts and as part of her concierge duties, she invited resort guests to take a timeshare tour. Plaintiff alleged that once the tour was scheduled, she would make follow up calls to the guest the night before, and the morning of, the tour to confirm it and she was not compensated for this time. Plaintiff and the nine Opt-In Plaintiffs (collectively the "Plaintiffs") were employed by Marriott as Linkage or In-House Marketing Executives for various periods of employment between August 1, 2008 and October 21, 2011. Doc. 61.

Marriott denied any liability for overtime, contending that Plaintiff was instructed to report and did, in fact, report all hours, including any overtime hours, worked, and, by her own admission, was paid for every hour she reported. Doc. 61. Marriott produced the Plaintiff's and the Opt-in Plaintiffs' time and pay records which showed that they reported overtime and were paid for all such reported overtime. Marriott offered the testimony by Plaintiff and Opt-in Plaintiffs that: (a) as the economy slowed, they worked fewer than forty hours; and (b) some, but not all, of the alleged off-the-clock calls took only seconds to make; (c) Plaintiff, who, as a Team Leader, set other Orlando-based Linkage and In-House Marketing Executives' schedules, did not instruct anyone to under-report his or her work hours. Doc. 61. Marriott also asserted that the two year statute of limitations applied; and liquidated damages were inappropriate and that several Opt-in Plaintiffs' claims were barred, in their entirety, by a two year statute of limitations (and, even if a three-year limitations period applied, their potential claims were reduced to a handful of weeks). Doc. 61. Marriott further contended that Plaintiffs inadvertently miscalculated their overtime rate when they prepared their answers to the Court's interrogatories, and Plaintiff and the Opt-in Plaintiffs do not dispute this. Consequently, while the Plaintiff and the Opt-in Plaintiffs have compromised their claims, it is not to the degree that the interrogatory answers would suggest. Doc. 61 at 8 n.6.

At the conclusion of discovery, the parties attended mediation and Marriott reached a settlement with the Plaintiff and the Opt-in Plaintiffs, resolving all unpaid overtime claims; the parties also reached a putative agreement regarding the potential claims of 110 Linkage or In-House Marketing Executives who worked at any of the Defendant's Orlando, Florida, locations between August 1, 2008 and October 21, 2011 (the "Potential Opt-in Plaintiffs"). The parties submitted this global resolution to the Court for approval on October 21, 2011. Doc. 50. Following a hearing on January 12, 2012 in which the Court discussed the issues with approving a putative agreement binding non-parties in a class that was not a class action case (*see* Doc. 53), the Court denied the Parties' Joint Motion without prejudice on January 12, 2012. Doc. 56.

In light of the issues raised by the Court, the parties resumed settlement negotiations and, on January 25, 2012, the parties reached an amicable resolution, resolving the Plaintiff's and the Opt-in Plaintiffs' individual claims (the " Settlement Agreement"). Unlike their previously unapproved agreement, however, the Settlement Agreement does not attempt to resolve the claims of potential opt-in plaintiffs who have not joined the suit. Doc. 61-2. Pursuant to the Settlement Agreement, Plaintiff and Opt-in Plaintiffs have agreed to accept from Marriott payments totaling $280,831.00 in full settlement and satisfaction of the their individual FLSA claims as well as for the nine Opt-in Plaintiffs a general release of "all other claims" arising out of each Plaintiff's employment, including ADEA, Title VII, ADA, etc. Doc. 61-2. For the named Plaintiff Ibanez, she is receiving $6,000 "as an enhancement for serving as the Named Plaintiff, responding to written discovery, and sitting for deposition in the Civil Action." Doc. 61-2. Plaintiffs will receive the settlement amounts as follows:

|  | **Plaintiff Name** | Overtime | General Release | Total Settlement | Atty Fees |
|---|---|---|---|---|---|
| Named | Linda Ibanez | $10,500 | $6,000 | $16,500 | $14,633 |
| Opt-in | Maria Gloria Haag | $10,000 | $6,000 | $16,000 | $14,633 |
| Opt-in | Nancy Jacobini | $5,000 | $6,000 | $11,000 | $14,633 |
| Opt-in | Stephanie Pitts | $8,000 | $6,000 | $14,000 | $14,633 |
| Opt-in | Patricia Colbertaldo | $500 | $3,500 | $4,000 | $14,633 |
| Opt-in | Brent Sanders | $10,500 | $6,000 | $16,500 | $14,633 |
| Opt-in | Doreen Vogt | $7,500 | $6,000 | $13,500 | $14,633 |
| Opt-in | Kurt Militano | $17,500 | $6,000 | $23,500 | $14,633 |
| Opt-in | Joshua Wright | $9,500 | $6,000 | $15,500 | $14,633 |
| Opt-in | Silvia Faria | $500 | $3,500 | $4,000 | $14,633 |
| Total |  | $79,500 | $55,000 | $134,500 | $146,330 |
|  |  | 60% | 40% | 100% |  |

Doc. 61-2.

Settlements in the amounts as set forth above to Plaintiffs for unpaid overtime wages are fair and reasonable settlements. It is **RECOMMENDED** that these settlements be accepted by the District Court as "fair and reasonable resolutions of bona fide disputes" over FLSA issues.

The parties have agreed that Defendant will pay Plaintiff's attorneys $146,330 in attorney's fees and costs, which is significantly higher than in other FLSA cases. In the aggregate, only 60% of Plaintiffs' settlements were related to their FLSA claims, with 40% of the settlement for a general release of other claims. For three of the Opt-In Plaintiffs, Jacobini, Colbertaldo, and Faria, the portion for the general release *exceeds* the unpaid overtime amount received in settlement. The Court generally would not be called upon to review the settlement in a typical employment discrimination case and would not be required to examine the support to justify the 40% attorney's fee portion attributable to the general releases. However, the Court must review the support for the fees attributable to settlement of the FLSA claims. The hours expended and rate requested are both higher than are normally found reasonable in FLSA cases. Nonetheless, under the specific circumstances of this case, as discussed herein, the proposed settlement should be approved.

Plaintiffs' case did not settle in the early stages, but was litigated over 17 months, and the parties engaged in two mediations and ten depositions. On January 18, 2011 and July 28, 2011, pursuant to the Court's Order, the parties conducted two separate mediations before mediator, Mark Hanley, Esq. Doc. 21, 39. On June 14, 2011, Plaintiff took the depositions of John Waldron, Director of Marketing; Cathy Peffin, VP Compensation Benefits and Human Resources; Tu Chi, Director of Human Resource Operations; and Catalina Saldicar, Director of Human Resources Operations. Plaintiff, Linda Ibanez was deposed on June 15 2011, and the deposition for Opt Ins, Brent Sanders, Stephanie Pitts, Nancy Jacobini, Patricia Colbertaldo, and Maria Haag were held July 12 -July 14. *See* Doc. 61-3.

Plaintiffs were represented by David Linesch, who has practiced in labor and employment law for 30 years, and has extensive trial experience before various federal and state tribunals. He is Board Certified by the Florida Bar in Labor and Employment Law and served on the inaugural committee that developed the standards and protocols for Labor and Employment certifications; he is the former Section Chairman of the Labor and Employment Law section of the Florida Bar. He is also a Member of the Labor and Employment Law Section of the American Bar Association, The National Employment Lawyers Association and its Florida affiliate, and is a former Adjunct Professor at Stetson University College of Law where he taught Advanced Labor Topics. Doc. 61-3. Mr. Linesch has extensive experience litigating collective actions under the FLSA and has served as class counsel in a number of collective or class action cases in the Middle District. His hourly rate charged on employment cases is between $350 and $450. Doc. 61-3. For this case, Mr. Linesch has applied an hourly rate of $350 per hour for his work and $100 per hour for the work of his assistant. Doc. 61-3 at 6. The hourly rates are not unreasonable under the circumstances of this case and consistent with rates awarded for individuals with commensurate experience in the Middle District.

The Court had previously raised an issue with counsel for Plaintiffs' fees. On December 29, 2011, in preparation for the January 12, 2012 hearing, the Court asked for caselaw in support of the "proposition that a 29% contingency fee (as a percentage of the settlement fund) in an FLSA case is categorically an acceptable fee to Plaintiff's counsel when Plaintiff and Opt-In Plaintiffs1 have compromised their claims." Doc. 53 (quoting *Zegers v. Countrywide Mortgage Ventures, LLC*, 569 F.Supp.2d 1259 (M.D. Fla. 2008) (Doc. 42) (rejecting a 40% contingency fee in FLSA case and awarding a smaller amount with the difference an increase to plaintiff's recovery); *Silva v. Miller*, 547 F. Supp.2d 1299 (S.D. Fla. April 7, 2008) (rejecting a contingency fee in FLSA case and awarding a lodestar amount), *aff'd*, 307 Fed. Appx. 349 (11th Cir. 2009) (the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately

and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement").

Plaintiffs' counsel has now provided fifty-five pages of billing records and costs records as documentation of the work expended. Mr. Linesch's has filed an affidavit and billing records reporting that he and his assistant spent the following amounts of time on the case:

|  | Hours | Hourly Rate | Total |
|---|---|---|---|
| Attorney Linesch | 285.0 | 350 | $99,750 |
| Legal Assistants | 389.5 | 100 | $38,950 |
| Total | 674.5 |  | $138,700 |
| Expenses |  |  | $7,631 |
| **Total Fees & Costs** |  |  | **$146,331** |

Overall, the Court notes that the time billed by Mr. Linesch for most tasks is for brief increments, with the legal assistants appropriately performing the administrative and file management tasks for the case. Appropriate amounts of time were also billed for the time spent in preparation and attendance at the two mediations and ten depositions. The amount of time devoted is not unreasonable under the circumstances of this case. A portion of the costs include generally recoverable costs for the filing fee, service of process, deposition transcripts, and the mediation. Doc. 61-6. Other costs such as postage and in-house copies are generally not recoverable as overhead, but the Court will not quibble with these since the overall fee and costs amounts are otherwise recoverable and well supported.

Settlement in the amount of $134,500 to Plaintiffs for unpaid wages (60%) and a general release of claims (40%), and $146,330 for attorney's fees and costs is a fair and reasonable settlement. It is respectfully **RECOMMENDED** that the settlement be accepted by the District Court as a "fair and reasonable resolution of a bona fide dispute" over FLSA issues and the Clerk be directed to close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on April 24, 2012.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy